# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| JENNIFER DOROTHY ADELE BUTCHER A/K/A JENNIFER BUTCHER,<br><br>    Plaintiff,<br><br>v.<br><br>AWL, INC. A/K/A AWL A/K/A AMERICAN WEB LOAN<br><br>    Defendant. | CASE NO.<br><br>**COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jennifer Dorothy Adele Butcher a/k/a Jennifer Butcher ("Plaintiff") brings this suit against AWL, Inc. a/k/a AWL a/k/a American Web Loan ("Defendant") to recover the damages owed to her because of the Defendant's violation of the Fair Debt Collection Practices Act.

## PARTIES

1. Plaintiff is an adult female consumer presently residing within Lorain County, Ohio, which is located within the Northern District of Ohio.

2. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

3. Defendant is a self-described arm of the Otoe-Missouria Tribe, operating as a tribal lending entity specializing in short-term, small dollar, high interest loans. Defendant also regularly engages in aggressive debt collection practices on a nationwide basis in the recovery of their overdue payment obligations. Defendant's corporate headquarters is located at 3910 W. 6th Street,

Stillwater, Oklahoma and upon information and belief, regularly conducts business in the State of Ohio.

4. Defendant is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant regular engages in the collection of consumer debts and is a "Debt Collector" as defined by 15 U.S.C. §1692a(6).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

## JURISDICTION AND VENUE

7. This action is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

## FACTUAL ALLEGATIONS

9. Plaintiffs reserve the right to amend the Complaint should pertinent facts become known at a later time.

10. Plaintiff is an unsophisticated consumer.

11. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt obligation allegedly owed by Plaintiff.

12. On or about November 5, 2019, Plaintiff entered into an agreement with the tribal entity to borrow $1,000.00 at an interest rate of 559.49% and with a finance charge of $3,471.90. At the

end of the repayment period, Plaint would have paid $4,471.90 for principal loan amount of $1,000.00.  The repayment schedule was established to include 38 weekly payments of $114.69 from November 15, 2019 through July 31, 2020 and a final payment of $113.68 due on August 7, 2020.  All payments were to be directly withdrawn from Plaintiff's bank account at PNC Bank by Defendant.

13. Because of the obvious usurious nature of the loan and untenable repayment schedule, Plaintiff was unable to maintain the current payments and fell into default.

14. Plaintiff advised Defendant, she could no longer afford the weekly withdrawals and requested an alternative arrangement be made, such as changing the dates of the payments or or the weekly amounts.  Defendant would not agree to any alternative workout.

15. Defendant continued to automatically debit Plaintiff's bank account, after they were informed Plaintiff could no longer afford for them to do so.  As Plaintiff was left with no alternative, she was forced to close her account at PNC Bank.

16. On or about August 1, 2020, Defendant began calling Plaintiff's cellphone while she was at work, in attempts to collect on the loan.

17. Plaintiff advised Defendant she no longer wished for them to contact her directly, that she had hired counsel to help her file for bankruptcy protection and that she could not take calls at work as it would jeopardize her employment.  Plaintiff provided Defendant with her attorney's contact information.

18. On August 11, 2020, Defendant ignored Plaintiff's directive and called her cellphone twice from numbers 855-815-8122 and 440-529-2018.

19.  Plaintiff then blocked her cellphone from receiving Defendant's calls.

20. On August 19, 2020, Defendant called Plaintiff at her work number from phone number 216-287-7010.

21. On September 24, 2020, Defendant again called Plaintiff at her work number from 216-508-7677.

22. Each time Defendant called Plaintiff, Defendant's representative was relentless in trying to obtain personal information about Plaintiff.  Each caller was a different person asking for the same information, in the same rude manner.  Plaintiff would advise the caller she could not talk to them while she was at work and each time the caller would ignore her plea and continue.

23. Plaintiff suffers from liver disease and chronic fatigue.  Plaintiff has a hard time dealing with the calls from Defendant.

24. Defendant's actions, regardless of intent, were abusive, harassing, deceptive, unfair, misleading, harmful and inappropriate.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, undue stress, confusion and aggravation.

26. Defendant's abusive, harassing, misleading and deceptive conduct materially impacted and shaped Plaintiff's reactions and course of conduct in response to Defendant's collection efforts.

27. Plaintiff has suffered actual financial loss, including expending costs and assets in dealing with Defendant's conduct.

28. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and have further suffered a violation of their state and federally protected substantive interests as a result of Defendant's conduct.

## **FIRST CLAIM FOR RELIEF**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendant, as a self-described arm of the Otoe-Missouria Tribe, is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent accounts, including consumer accounts and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32. Defendant, as part of its regular business, is engaged in the collection or attempt to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary aspect of its business.

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA §1692c, §1692d, §1692e and §1692g

34. The FDCPA, pursuant to 15 U.S.C. §1692c(a), prohibits a debt collector from communicating with a consumer in connection with the collection of any debt - "(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

35. Plaintiff directly advised Defendant she was represented by counsel and provided Defendant with her counsel's contact information.

36. Defendant ignored the directive of Plaintiff and her Attorney's contact information in a deliberate violation of FDCPA §1692c(a)(2).

37. The FDCPA, pursuant to 15 U.S.C. §1692c(a), prohibits a debt collector from communicating with a consumer in connection with the collection of any debt – "(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

38. Plaintiff directly advised Defendant on several occasions, she could not take calls at work.

39. When Plaintiff had to block their calls to her cellphone, Defendant purposely began calling her work number in direct and purposeful violation of FDCPA §1692c(a)(3).

40. The FDCPA, pursuant to 15 U.S.C. §1692d prohibits a debt collector from engaging in any conduct, the natural consequences of which, is to harass, oppress, or abuse any person in connection with the collection of a debt.

41. Without limiting the application of the main statement of section d, part (5) specifically prohibits a debt collector from "engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number."

42. Defendant repeatedly called Plaintiff, after being advised not to and each time, Defendant's representative would relentlessly continue to abuse and annoy Plaintiff even after she pleaded with them to stop. Defendant's conduct was wanton and willful and in complete violation of FDCPA §1692d.

43. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using any false, deceptive, or misleading or misleading representation or means in connection with the collection of a debt.

44. Without limiting the application of the main statement of section e, part (10) specifically prohibits a debt collector from using any "deceptive means to collet or attempt to collect any debt or obtain information concerning a consumer."

45. Defendant tenaciously called Defendant against her wishes in an attempt to gain more and more personal information about her and in direct violation of FDCPA §1692e.

46. The FDCPA, pursuant to 15 U.S.C. §1692g(a), within five days after the initial communication with the consumer in connection with the collection of any debt, a debt collector shall send the consumer a written validation notice.

47. Defendant has never sent Plaintiff any written correspondence or notice advising Plaintiff of her Federally protected consumer rights, including her right to dispute the debt, or even to simply know the amount of the debt.

48. Defendant's conduct violates FDCPA §1692g.

49. Defendant violated Plaintiff's statutorily provided rights and engaged in conduct in violation of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jennifer Dorothy Adele Butcher a/k/a Jennifer Butcher, prays for judgment and seeks to recover the following damages and relief against Defendants as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 to be paid by Defendant as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees to be paid by Defendant as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff or engaging in any further attempts to collect on this debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 7, 2020	Respectfully submitted,

                                                         s/ _Keith M. Minkin_____ (Lead Attorney)
Keith M. Minkin, Esq. Ohio Bar #0034036
13801 Cedar Road, No. 303
South Euclid, OH 44118-2372
216-323-4611
keithminkin@att.net

Recovery Law Group, APC
6167 Bristol Parkway, Suite 200
Culver City, CA 90230-6649
(310) 997-0471 (phone)
(866) 286-8433 (fax)
pmulcahy@recoverylawgroup.com